UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAKESH SHETTIGAR,

        Plaintiff,

                                    CASE NO. 1:26-cv-1513

v.

                                    HON. ROBERT J. JONKER

MARKWAYNE MULLIN et al.,

        Defendants.
_____/

## ORDER

This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement, challenging the lawfulness of Petitioner's current detention.  According to the petition, Petitioner is a native and citizen of India.  (Pet., ECF No. 1, PageID.6.)  He is subject to a pre-final order of removal.  (*Id.* at PageID.2.)  He was arrested by immigration officials on April 23, 2026.  (*Id.* at PageID.5.)  And he filed the writ of habeas corpus that initiated this action on May 7, 2026.  (*Id.* at PageID.1.)

On May 8, 2026, this Court entered an order instructing Respondents to show cause why the petition should not be granted.  (ECF No. 4, PageID.55.)  In answering that order, Respondents submitted a copy of an Immigration Judge's Order that was signed on May 4, 2026.  (ECF No. 5-3, PageID.74.)  That order stated that Petitioner had withdrawn his request for a bond hearing.  (*Id.*).  As far as the Court can tell, Petitioner does not contest that the motion for a bond hearing was withdrawn, which leaves the Court wondering about the basis for Petitioner's withdrawal and whether circumstances have changed to warrant

a bond hearing on the merits at this time.

Additionally, the Sixth Circuit has recently decided the key question of whether individuals like Petitioner—who are apprehended in the interior of the United States after originally entering without inspection—are detained under 8 U.S.C. § 1225(b)(2) or under 8 U.S.C. § 1226. *See Lopez-Campos v. Raycraft*, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891, at *13 (6th Cir. May 11, 2026) (holding that such individuals are detained under § 1226 and are therefore entitled to individualized bond hearings). Since *Lopez-Campos* was decided, the Government has represented to the court, in other cases, that it will provide bond hearings to detainees who are being detained under § 1226, provided that such a hearing is requested. *See, e.g.*, *Vasquez-Boyatt v. Mullin*, No. 2:26-cv-00117, ECF No. 8, PageID.5 (W.D. Mich. May 14, 2026). It seems likely that Respondents would do the same for Petitioner, but Respondents have not explicitly said so in this case.

So that the Court can move forward in this case, the Court directs the parties to file separate status reports addressing their current positions in light of *Lopez-Campos*. Petitioner's status report must address why the original motion for a bond hearing was withdrawn. Respondents status report must address the effect of *Lopez-Campos* on this case. Additionally, each report must also state the following: (1) whether Petitioner has renewed his original request for a bond hearing; (2) whether Respondents have agreed to provide one; (3) whether a bond hearing on the merits has been scheduled or completed; and (4) whether any issues remain for adjudication in this habeas action. The status reports shall be filed within ten days of this order (using the counting rules of Federal Rule of Civil Procedure 6).

**IT IS SO ORDERED.**


Dated:  May 28, 2026                              /s/ Robert J. Jonker
                                                         ROBERT J. JONKER
                                                         UNITED STATES DISTRICT JUDGE